UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | 1:18-cr-00156-JMS-MG |
| | ) | |
| FRANK D. POWELL, | ) | -01 |
| | ) | |
| *Defendant.* | ) | |

## ORDER

Defendant Frank Powell is currently in the custody of the Federal Bureau of Prisons ("BOP") and has filed a Motion to Modify Restitution, [Filing No. 383], which is ripe for the Court's decision.

### I.
### BACKGROUND

On July 21, 2020, Mr. Powell was sentenced to 134 months' imprisonment for one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1349; one count of Attempted Bank Fraud, in violation of 18 U.S.C. §§ 1344(1) and (2); and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(1). [Filing No. 211 at 1.] He was ordered to pay a $300 special assessment and $303,505.27 in restitution, with payments to begin immediately. [Filing No. 211 at 6-8.]

The Government represents that Mr. Powell has paid $2,030.43 toward his restitution, so still owes $301,474.84. [Filing No. 386 at 2.] It notes that Mr. Powell's last payment was $25.00 in January 2026 and that he only paid a total of $25.00 in 2025. [Filing No. 386 at 2.]

## II.
### DISCUSSION

In his Motion, Mr. Powell requests that his restitution payments be reduced to $25 every three months because he "simply cannot afford" to make a $500 payment every three months, as his current schedule requires. [Filing No. 383 at 1.] He states that he does not have a facility job and has "very limited family support," and is concerned that failing to make his payments could put him "at risk of being placed on refusal, which could negatively affect [his] programming and progress." [Filing No. 383 at 1.] Mr. Powell notes that he has "been actively participating in self-improvement programs and doing everything [he] can to get back on track." [Filing No. 383 at 1.]

The Government argues in its response that Mr. Powell is participating in the Inmate Financial Responsibility Program ("IFRP"), that implementation of the IFRP is committed to the BOP's discretion, and that the Court is not statutorily authorized to override that discretion. [Filing No. 386 at 2-4.] It further contends that if Mr. Powell is seeking a change in his repayment schedule, he has not shown that there has been a material change in his economic circumstances and even if the Court modified his payment schedule, the Government could execute against Mr. Powell's non-exempt assets and the BOP could still utilize the IFRP. [Filing No. 386 at 5-7.]

Mr. Powell reiterates his arguments in his reply. [Filing No. 387.]

Mr. Powell is not entitled to a Court order revising his restitution payment schedule. First, as the Seventh Circuit Court of Appeals has acknowledged, it is the Attorney General – not the courts – who has the responsibility of collecting unpaid fines and restitution imposed as part of a criminal judgment, and that authority has lawfully been delegated to the BOP, which in turn created the IFRP to facilitate collection. *In re Buddhi*, 658 F.3d 740, 742 (7th Cir. 2011). "Courts are not authorized to override the [BOP]'s discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the

side)." *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008). In other words, the Court has no authority to direct the amount or frequency of an inmate's payments under the IFRP.

Second, while an inmate seeking to challenge the BOP's administration of the IFRP may file a petition for habeas corpus relief under 28 U.S.C. § 2241, exhaustion of administrative remedies is a perquisite for doing so. *United States v. Davis*, 612 F. App'x 856, 857 (7th Cir. 2015) ("[A prisoner] may challenge the payment schedule set by the BOP by raising it in a § 2241 petition in the district of his confinement."); *Ihmoud v. Jett*, 272 F. App'x 525, 526 (7th Cir. 2008) ("The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241," and inmate was required to exhaust administrative remedies before using § 2241 petition to challenge IFRP payments); *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (explaining that the exhaustion rule applies to § 2241 petitions). Mr. Powell has not shown that he exhausted his administrative remedies regarding his IFRP payments, so he cannot bring a § 2241 petition in any event.

Third, although it does not appear that Mr. Powell is requesting that the Court modify the restitution award – rather, he requests that the Court modify his payment schedule – he has not presented a statutory basis for a restitution modification or reduction in any event. 18 U.S.C. § 3664 sets forth several circumstances in which a court can modify a restitution award – for example, if the defendant's economic circumstances materially change (18 U.S.C. § 3664(k)) or if the restitution amount can be corrected, modified, or amended pursuant to various statutes (18 U.S.C. § 3664(o)). Mr. Powell has not presented argument or evidence that any of these circumstances are present in this case. Even if Mr. Powell seeks modification of the restitution amount, he has not presented a statutory basis for the Court to do so.

In sum, the Court does not have the authority to direct the amount or frequency of an inmate's payments under the IFRP, Mr. Powell cannot pursue his Motion as a § 2241 Petition because he has not shown that he has exhausted his administrative remedies, and Mr. Powell has not presented a statutory basis to modify his restitution amount in any event. Accordingly, Mr. Powell's Motion to Modify Restitution, [Filing No. 383], is **DENIED**.

### III.
### CONCLUSION

For the foregoing reasons, Mr. Powell's Motion to Modify Restitution, [383], is **DENIED**.

Date: 3/12/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

Frank D. Powell
#16358-028
USP Florence – High
U.S. Penitentiary
P.O. Box 7000
Florence, CO 81226